UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TALITHA L. HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> CRESCENT BANK & TRUST, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:19-cv-02221 <br><br> JURY DEMAND |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes TALITHA L. HARRIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CRESCENT BANK & TRUST ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, for Defendant's alleged unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

1

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Kankakee County, Illinois, which is located within the Central District of Illinois.

5. Defendant is engaged in the business of offering credit services to consumer and "specializes in providing auto loans to consumers across 32 states".[1] Defendant is an active financial institution with its headquarters at 1100 Poydras Street, Suite 100, New Orleans, Louisiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On or around February 23, 2016 Plaintiff financed the purchased of a Chrysler 200 through Defendant which she uses for personal transportation.

8. At the time of purchase, Plaintiff financed approximately $24,213 ("subject consumer debt") through Defendant.

9. Plaintiff regularly made timely payment to Defendant on the subject consumer debt. However, in approximately September 2018, Plaintiff started making her payments late to Defendant due to financial hardship and a loss of income.

10. In response to Plaintiff's late payments, Defendant has regularly and systematically placed automated collection calls to her cellular phone, (815) XXX-7427.

---

[1] https://www.cbtno.com/about-us/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7427. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant mainly uses the phone number (866) 208-8288 when placing phone calls to Plaintiff's cellular phone.

13. The above-referenced phone number ending in -8288 is regularly utilized by Defendant during its debt collection activity.

14. When Plaintiff answers calls from Defendant she is subjected to a noticeable pause lasting approximately three to five seconds, prompting Plaintiff to say "hello" several times, before being connected to a live representative.

15. Plaintiff has advised Defendant of her financial situation and that she would make payments as soon as she could.

16. Plaintiff has specifically told Plaintiff on multiple occasions not to call her cellular phone as the constant calls are effecting her quality of life.

17. Despite her demands, Defendant has continued a tirade of collection calls to Plaintiff's cellular phone. For reference, from November 2, 2018 through July 19, 2019 Defendant placed *at least* 333 calls to Plaintiff's cellular phone.

18. The majority of Defendant's phone calls have come after Plaintiff told it to stop calling.

19. Frustrated over Defendant's unrelenting conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional

distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause lasting three to five seconds that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before she was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature, volume, and frequency of Defendant's contacts points to the involvement of an ATDS.

25. Defendant violated the TCPA by placing *approximately* 333 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff may have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

26. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff TALITHA L. HARRIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff via phone calls using an ATDS seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 15, 2019                    Respectfully submitted,

s/ Nathan C. Volheim   (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Central District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
nvolheim@sulaimanlaw.com